### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Bankruptcy No. 10 B 00943 |
| | ) | Chapter 7 |
| EARL W. SHIELDS, | ) | Judge John H. Squires |
| | ) | |
| Debtor. | ) | |
| _____ | ) | |
| 800 SPRINGER DRIVE, LLC, | ) | |
| | ) | Adversary No. 10 A 00693 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| EARL W. SHIELDS, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

This matter comes before the Court on the motion of 800 Springer Drive, LLC ("Springer Drive") for summary judgment pursuant to Federal Rule of Bankruptcy Procedure 7056, which incorporates by reference Federal Rule of Civil Procedure 56, on its complaint filed against Earl W. Shields (the "Debtor"). For the reasons set forth herein, the Court grants summary judgment on Count I of the complaint in favor of Springer Drive and denies the Debtor's discharge under 11 U.S.C. § 727(a)(3). A status hearing on Count II of the complaint is set for February 25, 2011 at 10:00 a.m.

-2-

# I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and

Internal Operating Procedure 15(a) of the United States District Court for the Northern

District of Illinois.  It is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

# II. APPLICABLE STANDARDS

### A.    Summary Judgment

In order to prevail on a motion for summary judgment, the movant must meet the

statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made

applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056.  Rule

56(a) reads in pertinent part as follows:

> The court shall grant summary judgment if the movant shows
> that there is no genuine dispute as to any material fact and the
> movant is entitled to judgment as a matter of law. . . .

Fed. R. Civ. P. 56(a).  *See also Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010).

The primary purpose of granting a summary judgment motion is to avoid unnecessary

trials when there is no genuine issue of material fact in dispute.  *Vukadinovich v. Bd. of Sch.*

*Trustees of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002); *Trautvetter v. Quick*,

916 F.2d 1140, 1147 (7th Cir. 1990).  Where the material facts are not in dispute, the sole

issue is whether the moving party is entitled to a judgment as a matter of law.  *ANR Advance*

*Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998).

On a motion for summary judgment, "the court has one task and one task only: to

decide, based on the evidence of record, whether there is any material dispute of fact that

-3-

requires a trial." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 604 F.3d 490, 507 (7th Cir. 2010) (internal quotation omitted).   Summary judgment is the "put up or shut up moment in a lawsuit," when a party must show what evidence it has that would convince a trier of fact to accept its version of the events. *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2010) (internal quotation omitted).

In 1986, the United States Supreme Court decided a trilogy of cases that encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986).   The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 585-86.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *McKinney v. Cadleway Props., Inc.*, 548 F.3d 496, 499-500 (7th Cir. 2008); *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 666-67 (7th Cir. 2005).   The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248; *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir. 2002).   "'Factual disputes that are irrelevant or unnecessary will not be counted.'" *Fritcher*, 301 F.3d at 815 (*quoting Anderson*, 477 U.S. at 248).   "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990). The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they

-4-

are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1065-66 (7th Cir. 2000); *Szymanski v. Rite-Way Lawn Maint. Co.*, 231 F.3d 360, 364 (7th Cir. 2000).

The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (internal quotation omitted). Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather, its response must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 587; *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir. 1990).

Rule 7056-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment motions, was modeled after LR 56.1 of the Local Rules of the United States District Court for the Northern District of Illinois. Hence, the case law construing LR 56.1 and its predecessor Local Rule 12 applies to Local Bankruptcy Rule 7056-1. Pursuant to Local Bankruptcy Rule 7056, a motion for summary judgment imposes special procedural burdens on the parties. Specifically, the Rule requires the moving party to supplement its motion and supporting memorandum with a statement of undisputed material facts ("7056-1 statement"). The 7056-1 statement "shall consist of short numbered paragraphs, including within each

-5-

paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." Local Bankr.R. 7056-1B. Springer Drive filed its 7056-1 statement that substantially complies with the requirements of Local Rule 7056. It contains numbered paragraphs setting out assertedly uncontested facts with specific reference to parts of the record.

The party opposing a summary judgment motion is required by Local Rule 7056-2 to respond ("7056-2 statement") to the movant's 7056-1 statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 7056-2. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and other supporting materials relied upon[.]" Local Bankr.R. 7056-2A(2)(a). Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the moving party will be deemed to be admitted unless controverted by the [7056-2] statement of the opposing party." Local Bankr.R. 7056-2B; *see also Kasak v. Vill. of Bedford Park*, 563 F. Supp. 2d 864, 867 (N.D. Ill. 2008).

Courts are entitled to expect strict compliance with local rules governing summary judgment. *Ciomber v. Coop. Plus, Inc.*, 527 F.3d 635, 643 (7th Cir. 2008); *Raymond v. Ameritech Corp.*, 442 F.3d 600, 604 (7th Cir. 2006). The Debtor has not filed his 7056-2 statement. Accordingly, all material facts set forth in Springer Drive's 7056-1 statement are deemed admitted.

-6-

### B.    Objections to Discharge

The discharge provided by the Bankruptcy Code is meant to effectuate the "fresh start" goal of bankruptcy relief. *Vill. of San Jose v. McWilliams*, 284 F.3d 785, 790 (7th Cir. 2002). In exchange for that fresh start, the Bankruptcy Code requires debtors to accurately and truthfully present themselves before the court. *Stathopoulos v. Bostrom (In re Bostrom)*, 286 B.R. 352, 359 (Bankr. N.D. Ill. 2002), *aff'd*, No. 02 C 9451, 2003 WL 403138 (N.D. Ill. Feb. 20, 2003). Indeed, a discharge is only for the honest but unfortunate debtor. *Grogan v. Garner*, 498 U.S. 279, 286-87 (1991); *McWilliams*, 284 F.3d at 790; *In re Juzwiak*, 89 F.3d 424, 427 (7th Cir. 1996). "The denial of discharge is a harsh result." *Henbest v. Meyer (In re Meyer)*, 307 B.R. 87, 91 (Bankr. N.D. Ill. 2004). Because the denial of discharge is so drastic a remedy, courts may be more reluctant to impose it than to find a particular debt non-dischargeable. *See Soft Sheen Prods., Inc. v. Johnson (In re Johnson)*, 98 B.R. 359, 367 (Bankr. N.D. Ill. 1988) ("The denial of discharge is a harsh remedy to be reserved for a truly pernicious debtor.").

The party objecting to a debtor's discharge has the burden of proving the objection. Fed. R. Bankr. P. 4005; *In re Martin*, 698 F.2d 883, 887 (7th Cir. 1983) (noting that "the *ultimate* burden of proof in a proceeding objecting to a discharge lies with the plaintiff"). Objections to discharge under 11 U.S.C. § 727 should be liberally construed in favor of debtors and strictly against objectors in order to grant debtors a fresh start. *Juzwiak*, 89 F.3d at 427. The objector must establish all required elements of the objection by a preponderance of the evidence. *Peterson v. Scott (In re Scott)*, 172 F.3d 959, 966-67 (7th Cir. 1999).

-7-

### C.      11 U.S.C. § 727(a)(3)

Section 727(a) of the Bankruptcy Code denies a discharge to debtors who have been

unscrupulous in different ways.  Specifically, subsection (a)(3) bars a debtor's discharge for

the failure to keep financial records and provides that:

> (a) The court shall grant the debtor a discharge, unless–
>> (3) the debtor has concealed, destroyed, mutilated, falsified, or failed to keep or preserve any recorded information, including books, documents, records, and papers, from which the debtor's financial condition or business transactions might be ascertained, unless such act or failure to act was justified under all of the circumstances of the case[.]

11 U.S.C. § 727(a)(3).

"The purpose of § 727(a)(3) is to make the privilege of discharge dependent on a true

presentation of the debtor's financial affairs."  *Scott*, 172 F.3d at 969 (internal quotations

omitted).  While this provision was not meant to bar the discharge of the ordinary consumer

debtor, *see id.* at 970, a "sudden and large dissipation of assets," coupled with a lack of books

and records will provide a basis for denial of a discharge under this section.  *PNC Bank, Nat'l*

*Assoc. v. Buzzelli (In re Buzzelli)*, 246 B.R. 75, 98 (Bankr. W.D. Pa. 2000).

"Section 727(a)(3) requires as a precondition to discharge that debtors produce

records which provide creditors 'with enough information to ascertain the debtor's financial

condition and track his financial dealings with substantial completeness and accuracy for a

reasonable period past to present.'"  *Juzwiak*, 89 F.2d at 427 (*quoting Bay State Milling Co.*

*v. Martin (In re Martin)*, 141 B.R. 986, 995 (Bankr. N.D. Ill. 1992)); *see also Union Planters*

-8-

*Bank, N.A. v. Connors*, 283 F.3d 896, 899 (7th Cir. 2002) (same). This statute "ensures that trustees and creditors will receive sufficient information to enable them to 'trace the debtor's financial history; to ascertain the debtor's financial condition; and to reconstruct the debtor's financial transactions.'" *Juzwiak*, 89 F.3d at 427-28 (*quoting Martin*, 141 B.R. at 995).

"Section 727(a)(3) does not require proof of criminal or quasi-criminal conduct; rather, a transfer or removal of assets, a destruction or other wasting of assets, or a concealment of assets is all the trustee must prove." *Scott*, 172 F.3d at 969. Intent is not an element of proof under § 727(a)(3). *Connors*, 283 F.3d at 901; *Scott*, 172 F.3d at 969; *Juzwiak*, 89 F.3d at 430.

The statute places an affirmative duty on the debtor to create books and records accurately documenting his financial affairs. *Juzwiak*, 89 F.3d at 429 ("The debtor has the duty to maintain and retain comprehensible records."). Creditors are not required to accept a debtor's oral recitations or recollections of his transactions; rather, to qualify for a discharge in bankruptcy, a debtor is required to keep and produce written documentation of all such transactions. *See id.* at 429-30. The text of § 727(a)(3) does not merely require that the debtor not lose any records; it mandates a denial of discharge for the "failure to act," unless such failure to act is justifiable. *Scott*, 172 F.3d at 969; *John Deere Co. v. Broholm (In re Broholm)*, 310 B.R. 864, 879 (Bankr. N.D. Ill. 2004); *Clean Cut Tree Serv., Inc. v. Costello (In re Costello)*, 299 B.R. 882, 897 (Bankr. N.D. Ill. 2003).

A creditor has the initial burden of proving that the debtor failed to keep adequate records. *Costello*, 299 B.R. at 897; *Martin*, 141 B.R. at 995; *Calisoff v. Calisoff (In re*

-9-

*Calisoff)*, 92 B.R. 346, 356 (Bankr. N.D. Ill. 1988). "Records are not 'adequate' if they do not provide the trustee or creditors with enough information to ascertain the debtor's financial condition and track his financial dealings with substantial completeness and accuracy for a reasonable period past to present." *Martin*, 141 B.R. at 995. Every debtor has a duty to take reasonable precautions to maintain and preserve records of their financial transactions and affairs. *Brandt v. Carlson (In re Carlson)*, 231 B.R. 640, 654 (Bankr. N.D. Ill. 1999), *aff'd*, 250 BR. 366 (N.D. Ill. 2000), *aff'd*, 263 F.3d 748 (7th Cir. 2001).

The completeness and accuracy of a debtor's records are to be determined on a case-by-case basis, considering the size and complexity of the debtor's financial situation. *Cmty. Bank of Homewood-Flossmoor v. Bailey (In re Bailey)*, 145 B.R. 919, 924 (Bankr. N.D. Ill. 1992). Thus, the adequacy of a debtor's books and records is judged by the sophistication of the debtor's business and financial affairs. *Christenson v. Lee (In re Lee)*, 415 B.R. 367, 376 (Bankr. E.D. Wis. 2009); *see Scott*, 172 F.3d at 970 ("where debtors are sophisticated in business, and carry on a business involving significant assets, creditors have an expectation of greater and better record keeping"). Courts should consider the following factors when deciding whether a debtor's records are adequate: whether the debtor is engaged in business; the complexity and volume of business; the amount of debt; whether the failure to keep or produce records was the debtor's fault; the debtor's education, business experience, and sophistication; customary business practices for record keeping in the debtor's business industry; the degree of accuracy disclosed by the existing books and records; the extent of any egregious conduct by the debtor; and the debtor's courtroom demeanor. *Lee*, 415 B.R. at 367; *see also In re Volpert*, 175 B.R. 247, 265 (Bankr. N.D. Ill.

-10-

1994). Neither the court nor the creditors are required to reconstruct a debtor's financial picture by "sifting through a morass of checks and bank statements." *Connors*, 283 F.3d at 899. Rather, it is the debtor's duty to maintain and provide the court and the creditors with organized records of his financial affairs. *Id.*; *Juzwiak*, 89 F.3d at 429. Courts have broad discretion in deciding whether the books and records of a debtor are adequate and whether the failure to keep records is justified. *Hunt v. O'Neal (In re O'Neal)*, 436 B.R. 545, 558 (Bankr. N.D. Ill. 2010); *Costello*, 299 B.R. at 897.


## III. FACTS AND BACKGROUND

The following facts are not in dispute. The Debtor was the manager of Integrated Portfolio Management, Inc., a collection agency, until September 2007. (Springer Drive 7056-1 statement ¶ 15.) Springer Drive obtained a $700,000 judgment against the Debtor in the Circuit Court of DuPage County, Illinois. (*Id.* at ¶ 14.)

On January 12, 2010, the Debtor filed a voluntary Chapter 7 bankruptcy petition. (*Id.* at ¶ 1.) At the meeting of creditors pursuant to 11 U.S.C. § 341, the Debtor disclosed that he had gambled and lost his 2008 income tax refund in the sum of $77,500. (*Id.* at ¶ 6.) The Debtor also disclosed that he did not have any records regarding the loss of the tax refund. (*Id.* at ¶ 7.) Further, the Debtor admitted that he received $30,000 from Liliana Shields, his ex-wife, spent that money, and does not have any records or receipts with respect to the disposition of those funds. (*Id.* at ¶¶ 8 & 9.) The Debtor stated at the § 341 meeting that he did not have access to his financial information and he did not provide any reconstruction of

-11-

his financial history. (*Id.* at ¶ 10.) The Debtor has not presented any evidence or argument

that his acts or failures to act were justified under all of the circumstances of the case. (*Id.*

at ¶ 13.)

Springer Drive filed this adversary proceeding on April 15, 2010. In Count I of the

complaint, Springer Drive alleges that the Debtor's discharge should be denied under §

727(a)(3) because he failed to keep adequate records for the $77,500 gambling loss and the

$30,000 he received from his ex-wife. In Count II of the complaint, Springer Drive alleges

that its debt should be found non-dischargeable under 11 U.S.C. § 523(a)(3). Count II is not

the subject of this motion for summary judgment.

On May 28, 2010, Springer Drive filed a motion for default judgment. (Docket No.

5.) In support thereof, Springer Drive's counsel submitted an affidavit. (Springer Drive Mot.

Exs. E9-E11.) Specifically, the affidavit stated that the Debtor testified at the § 341 meeting

that he received $30,000 from his ex-wife but did not have any records to explain the

disposition of those funds. (*Id.* Ex. E10 at ¶ 4(a).) Further, the Debtor also stated that he

received his 2008 income tax refund of $77,500, gambled and lost that sum, and does not

have any records to document how he spent the money. (*Id.* at ¶ 4(b).) The Debtor testified

that he did not have access to his financial records and he did not attempt to reconstruct his

financial history. (*Id.* at ¶ ¶ 4(d) & (e).)

The motion for default judgment was set for July 2, 2010. (Docket No. 5.) On that

date, the Debtor appeared pro se and requested time to file an answer to the complaint. The

Court granted the Debtor's request and ordered him to file an answer to the complaint by July

-12-

30, 2010. (Springer Drive Mot. Ex. E12.) Further, the Court admonished the Debtor to

specifically address the affidavit of Springer Drive's counsel submitted in support of its

motion for default judgment. The Debtor filed an answer to the complaint on August 30,

2010. (*Id.* Exs. E1-E5.)

On October 21, 2010, Springer Drive filed a motion to approve the denial of the

Debtor's discharge. (Docket No. 19.) On December 2, 2010, the Debtor responded to that

motion. (Springer Drive Mot. Exs. E6-E8.) Therein, the Debtor admitted that he was

questioned by the Court on July 2, 2010, with respect to the matters set forth in Springer

Drive's counsel's affidavit regarding the receipt and disposition of funds. (*Id.* Ex. E6 at ¶

2.) Further, the Debtor admitted that at the § 341 meeting he made the statements set forth

in that affidavit. (*Id.*)

Springer Drive filed the instant motion for summary judgment on December 21,

2010. (Docket No. 29.) The Debtor has failed to respond to the motion.

## IV. **DISCUSSION**

In this matter, the undisputed facts establish that the Debtor failed to keep adequate

records for the gambling loss of his 2008 income tax refund in the amount of $77,500 and

the $30,000 that he received from his ex-wife. The Debtor admitted that he received the

$30,000, spent those funds, and that he has no records or receipts to show exactly how the

money was spent. In addition, the Debtor admitted that he received a $77,5000 income tax

refund for tax year 2008, gambled and lost those monies, and has no receipts or records to

Case 10-00693   Doc 38   Filed 02/08/11   Entered 02/08/11 14:54:12   Desc Main
Document     Page 13 of 14

-13-

show the disposition of that sum. Based upon these facts, the Court finds that Springer Drive

has met its burden of proving that the Debtor's records are inadequate under § 727(a)(3).

The Debtor, on the other hand, has not established that the inadequate records were

justified under all of the circumstances of the case. Indeed, the Debtor failed to offer any

explanation or justification for the lack of records. Thus, the Court finds that the Debtor

violated § 727(a)(3). Given these facts, the Debtor's failure to document the gambling losses

and the funds received from his ex-wife justifies the drastic remedy of denying him a

discharge.


## V. <u>CONCLUSION</u>

For the foregoing reasons, the Court grants Springer Drive's motion for summary

judgment on Count I of the complaint and denies the Debtor's discharge under § 727(a)(3).

A status hearing on Count II of the complaint is set for February 25, 2011 at 10:00 a.m.

This Opinion constitutes the Court's findings of fact and conclusions of law in

accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be

entered pursuant to Federal Rules of Bankruptcy Procedure 5003 and 9021.

**ENTERED:**

DATE: _2/8/11_

_____
**John H. Squires**
**United States Bankruptcy Judge**

cc:    See attached Service List

## SERVICE LIST

### 800 Springer Drive, LLC v. Earl W. Shields
### Adversary Case No. 10 A 00693

Carl F. Safanda, Esq.
Safanda Law Firm
111 East Side Drive
Geneva, IL 60134

Alonzo H. Zahour, Esq.
Law Offices of Alonzo H. Zahour
235 Remington Blvd.
Suite G1
Bolingbrook, IL 60440

David R. Brown, Esq.
Springer, Brown, Covey, Gaertner & Davis
400 S. County Farm Road, Suite 330
Wheaton, IL 60187

Patrick S. Laying, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604